UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE SEBASTIAN ARDILA MEZA

    Petitioner,

        v.                        Case No.        8:05-CV-398-T-24TGW
                                                                      8:02-CR-467-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

This cause is before the Court on Petitioner Jose Sebastian Ardila Meza's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1, cr-156). The Government filed a response in opposition to the Petitioner's motion (Doc. cv-4). The Petitioner filed a reply to the Government's response in opposition (Doc. cv-6). After careful consideration of the parties' submissions, together with files, records and transcripts relating to Petitioner's judgment and sentence, this Court has determined that an evidentiary hearing is not necessary, and the Petitioner's motion pursuant to 28 U.S.C. § 2255 should be **DENIED.**

**I. PROCEDURAL HISTORY**

On December 3, 2002, Petitioner was indicted on one count of conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possessing five (5) kilograms or more of cocaine with the intent to distribute while onboard a vessel subject to the jurisdiction of the United States

in violation of 46 U.S.C. app. §§ 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). On January 21, 2003, the Grand Jury returned a superseding indictment amending the name of the defendant. On February 10, 2003, the Petitioner plead guilty pursuant to a plea agreement to count one, the conspiracy, before the magistrate judge (Doc. cr-51).

On June 12, 2003, the Court sentenced the Petitioner to 135 months of imprisonment (Doc. cr-108 at 9). The Petitioner directly appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit. On April 26, 2004, the Eleventh Circuit affirmed the Petitioner's conviction and sentence (Doc. cr-155). The Petitioner subsequently filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on the erroneous understanding that his ability to file a writ pursuant to 28 U.S.C. § 2255 had expired. The Court denied Petitioner's Section 2241 petition on February 10, 2005, without prejudice, to his filing a timely motion to vacate pursuant to 28 U.S.C. § 2255 on the appropriate form. On March 2, 2005, Petitioner filed a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. cv-1).

## II. PETITIONER'S CLAIMS

The Petitioner bases his Section 2255 motion on the following four claims: (1) misleading indictment based on incorrectly identifying the Caribbean as the body of water in which the Petitioner was apprehended rather than the Pacific Ocean; (2) a violation of his Sixth Amendment right to trial and to due process because he was forcibly coerced into signing a plea agreement; (3) a violation of his Sixth Amendment right to a jury trial on the issue of whether the vessel on which he was apprehended was a stateless vessel; and (4) the court lacks

jurisdiction because of a violation of the bilateral treaty between the United States and Columbia.

## III. DISCUSSION

As an initial matter, Petitioner waived his right to raise these claims by way of a Section 2255 motion by entering into a plea agreement which contained an appeal waiver. See United States v. Bushert, 997 F. 2d 1343, 1350 (11th Cir. 1993). In addition, all of Petitioner's claims are procedurally barred since he filed a direct appeal and failed to raise the claims. See Greene v. United States, 880 F. 2d 1299, 1305 (11th Cir. 1989). To the extent the argument is that they were not raised on appeal due to ineffective assistance of counsel, the claims are without merit and counsel cannot be ineffective for failing to raise meritless claims

### A. Claim One

The Petitioner's first claim is that the indictment was misleading because it incorrectly identified the Caribbean as the body of water in which the Petitioner was arrested rather than the Pacific Ocean. (Doc. cv-1 at 4). As the Government points out in their opposition to Petitioner's motion, Petitioner points to no evidence to support this allegation. The factual basis of the plea agreement and the presentence report, along with the indictment, clearly state that Petitioner was apprehended in the Carribean. Petitioner failed to contest that fact until the instant Section 2255 motion. However, even if true, the fact that the indictment stated that Petitioner was apprehended in the Carribean rather than the Pacific Ocean would not negate Petitioner's guilt or divest this court of jurisdiction over Petitioner's case. Thus, Petitioner's first claim is without merit.

**B. Claim Two**

The Petitioner's second claim is that he was denied his Sixth Amendment right to a trial and to due process because he was forcibly coerced into signing a plea agreement (Doc. cv-1 at 5). The Petitioner asserts in his motion that he did not understand the agreement that he entered into because his native language is Spanish (Doc. cv-1 at 21). However, during the change of plea hearing, the Petitioner was provided with an interpreter (Doc. cr-145 at 2). He was also provided with an interpreter when he consulted with his attorney on four different occasions prior to the change of plea hearing (Doc. cr-145 at 7-8). Further, when the magistrate judge asked Petitioner if he had any trouble understanding the interpreter he answered, "no" (Doc. cr-145 at 8). The magistrate judge then proceeded to explain to the Petitioner his right to plead not guilty, his right to have the case go to trial, and his right to be heard by a jury of twelve people (Doc. cr-145 at 9-10). The magistrate judge specifically asked the Petitioner if his lawyer, with the aid of an interpreter, went over the plea agreement and if he understood the plea agreement, to which he answered, "yes". The magistrate judge also asked the Petitioner if he was pleading guilty freely and voluntarily, to which he responded, "yes" (Doc. cr-145 at 32). Thereafter, the Court found the Petitioner "alert and intelligent" and able to freely and voluntarily plead guilty (Doc. cr-145 at 34-35). The record clearly shows that the Petitioner entered his guilty plea knowingly and voluntarily, and nothing suggests he was forcibly coerced. Thus, the Petitioner's motion to vacate cannot succeed on this basis.

**C. Claim Three**

The Petitioner's third claim is that he was denied his Sixth Amendment right to a trial and due process because he did not receive a jury trial to determine whether the vessel in which

he was apprehended was a stateless vessel (Doc. cv-1 at 6). The Maritime Drug Law Enforcement Act (MDLEA) grants the trial judge the sole responsibility to determine jurisdictional issues. 46 U.S.C. app. § 1903 (f) (stating that, "All jurisdictional issues arising under [MDLEA] are preliminary questions of law to be determined solely by the trial judge"). Thus, the Petitioner erroneously asserts that he is entitled to a jury trial on the issue of whether he was apprehended on a stateless vessel, giving the court jurisdiction. Furthermore, Petitioner pled guilty pursuant to a plea agreement in which he agreed that he was apprehended on a stateless vessel and that the court had jurisdiction. Thus, the Petitioner's claim that he was entitled to a jury trial to determine the nationality of the vessel is without merit

**D. Claim Four**

The Petitioner's fourth claim is that the District Court lacked jurisdiction because of a violation of the bilateral treaty between the United States and Columbia. The United States may properly exercise jurisdiction over "a vessel without nationality" located in international waters. 46 U.S.C. app. § 1903 (c)(1)(A). The vessel on which Petitioner was apprehended was a vessel without nationality and the Petitioner has not explained how his apprehension on such a vessel violates the "bilateral treaty between the United States and Columbia". Assuming for the purpose of this Section 2255 motion that the Petitioner has standing to bring this claim, he cannot succeed on the merits. According to the facts in the plea agreement to which Petitioner did not object, Petitioner was taken into custody by the Coast Guard after having jumped out of a vessel without nationality carrying over two tons of cocaine that was traveling in international waters in the Caribbean (Doc. cr-49 at 14-15).

**IV. EVIDENTIARY HEARING**

The Petitioner did not request an evidentiary hearing. Even if the Petitioner had requested a hearing, he is not entitled to an evidentiary hearing, and consequently bears the burden of establishing the need for one. See <u>Birt v. Montgomery</u>, 725 F. 2d 587, 591 (11th Cir. 1984) (en banc). In the context of a Section 2255 motion, a district court may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . ." <u>Broadwater v. United States</u>, 292 F. 3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. § 2255). Accordingly, the Petitioner has not demonstrated a sufficient need for an evidentiary hearing, and the request is therefore **DENIED.**

**V. CONCLUSION**

Accordingly, it is **ORDERED** and **ADJUDGED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1) is **DENIED.** The Clerk is directed to **CLOSE** Case No. 8:05-CV-398-T-24TGW, and **ENTER JUDGMENT** for the United States. Further, all pending motions are **DENIED AS MOOT.**

**DONE** and **ORDERED** at Tampa, FL, this 10th day of February 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

AUSA: Maria Chapa Lopez

Pro Se Litigant: Jose Sebastian Ardila Meza